IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| 800 BELL HOLDINGS, LLC | § | |
| | § | |
| | § | |
| | § | C.A. NO. _____ |
| VS. | § | |
| | § | |
| | § | |
| BELL BUSINESS INVESTMENTS LLC | § | |
| and ISAAC JACOBWITZ | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, 800 BELL HOLDINGS, LLC, files this Original Complaint against Defendants, BELL BUSINESS INVESTMENTS LLC and ISAAC JACOBWITZ, as follows:

**Parties, Jurisdiction and Venue**

1.      800 Bell Holdings, LLC is a Nevada limited liability company.

2.      Bell Business Investments LLC is a Delaware limited liability company transacting business in Harris County, Texas, and may be served with process by serving its registered agent, Attorney Service Associates, Inc., at 3610-2 N. Josey, Suite 223, Carrollton, Texas 75007, or wherever it may be found.

3.      Isaac Jacobwitz is a citizen of New York who may be served with process at 236 Lee Avenue, Apartment 4, Brooklyn, New York 11206-5445, or wherever he may be found.

4.      Jurisdiction is proper in this Court  pursuant to 28 U.S.C. §1332(a)(1) in that this is an action between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.  The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5.      Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. §1391(b) as a substantial part of the events or omissions giving rise to the claim occurred within this judicial district, and a substantial part of property that is the subject of the action is situated in this judicial district.

**Facts**

6.      On December 30, 2022, Bell Business Investments, LLC, a Delaware limited liability company ("BBI"), as Borrower, executed a Secured Promissory Note in the principal amount of $14,500,000.00 in favor of Shorenstein Properties 800 Bell, LLC ("Shorenstein"), as Holder ("Note").  The Note provided that all unpaid principal, together with any then unpaid and accrued interest and other amounts payable, shall be due and payable on the earlier of: (i) 3 years from the date of the Note; or (ii) when, upon or after the occurrence of an Event of Default, such amounts were declared due and payable by the Holder, or made automatically due and payable in accordance with the terms of the Note.

7.      The obligations due under the Note were secured by a Deed of Trust, Security Agreement and Fixture Filing By Bell Business Investments LLC, a Delaware limited liability company as Grantor to First American Title Insurance Company as Trustee for the benefit of Shorenstein Properties 800 Bell, LLC, a Delaware limited liability company, as Beneficiary

December 30, 2022 ("Deed of Trust"), which was duly filed in the Real Property Records of Harris County, Texas on January 3, 2023 under Clerk's File No. RP-2023-100.

8.      Pursuant to the Deed of Trust, BBI, as Grantor, irrevocably sold, transferred, granted, conveyed, assigned and warranted to Trustee, its successors and assigns, in trust, with power of sale and right of entry and possession, all of BBI's present and future estate, right, title and interest in and to certain real property generally known as 800 Bell Street, Houston, Texas 77002, as more particularly described on Exhibit A hereto (the "Property"). The Property, a 45-story, 1,200,000 square foot building, built in 1963, and listed on the National Register of Historic Places, was formerly the headquarters of Exxon-Mobil.

9.      Also on December 30, 2022, Isaac Jacobwitz ("Jacobwitz"), an indirect owner of BBI, as Guarantor, executed a Limited Guaranty (Secured Loan) ("Guaranty"), in favor of Shorenstein, as Lender. Pursuant to the Guaranty, among other things, Jacobwitz guaranteed and promised to pay to Shorenstein, any obligations, debts, damages, losses, costs, expenses, fines, penalties, charges and other sums, including legal fees, which Lender actually incurred as a direct consequence of (i) material physical waste to the Property caused by an act or failure to act by BBI or Jacobwitz which waste was not repaired or replaced with good workmanship and material of an equal or better quality and value; (ii) the failure to pay property or other taxes, assessments or charges related to the Property prior to the delinquency thereof; (iii) any litigation or other legal proceeding relating to the $14,500,000.00 loan ("Loan") filed by BBI or Jacobwitz that delays, opposes, impedes, obstructs, hinders, enjoins or otherwise interferes with or frustrates the efforts of Lender to execute any rights and remedies available to it.

-3-

10.     The Guaranty also contained certain financial covenants.  Specifically, Jacobwitz was required, during the term of the Loan, to maintain, in the aggregate: (i) liquidity of not less than $10,000,000.00; and (ii) a net worth of not less than $50,000,000.00, excluding equity in the Property.  Additionally, section 8 of the Guaranty required Jacobwitz to deliver within 120 days after his fiscal year end, current unaudited personal financial statements prepared in accordance with GAAP (including without limitation, an income and expense statement, balance sheet and statement of cash flow).

11.     On April 28, 2025, pursuant to Assignment and Conveyance, Shorenstein, as Seller under a certain Note Purchase Agreement, sold, transferred, assigned, set over, and conveyed to Plaintiff, 800 Bell Holdings, LLC ("800 Bell"), all right, title and interest of, in and to the Note, the Deed of Trust, the Guaranty, and certain UCC-1 financing filings.

12.     On April 29, 2025, pursuant to Assignment of Deed of Trust, for value received, Shorenstein, as Seller, conveyed all of its right, title, and interest in and to the Deed of Trust to 800 Bell, as Buyer, together with all right, title and interest in and to the the Note or other obligations secured thereby. The Assignment of Deed of Trust was duly recorded in the the Real Property Records of Harris County, Texas on April 29, 2025 under Clerk's File No. RP-2025-156813.

13.     Beginning in May 2025, 800 Bell, through legal counsel, began notifying BBI and Jacobwitz of the failure to comply with the Deed of Trust. For example, on May 12, 800 Bell advised BBI that it had failed to make timely payment of property taxes to the Harris County Tax Assessor-Collector pursuant to section 2.04(a) of the Deed of Trust[1].  On May 27, 800 Bell notified BBI and Jacobwitz that a visual inspection of the Property showed numerous broken windows on multiple

---

[1] BBI subsequently paid the Property taxes.

sides of the Property, in violation of section 2.05(a)(ii) of the Deed of Trust which required BBI, at its sole cost and expense, to keep the Property in good order, condition, and repair. BBI and Jacobwitz were also notified that there were significant conditions with the Property electrical and HVAC systems, arising, in part, from water damage and continuing standing water in the basement. Demand was made upon BBI to cure all of the broken windows and repair and restore the electrical and HVAC systems to good working order.

14.    On June 30, 2025, 800 Bell notified counsel for BBI and Jacobwitz that on July 8, it sought to inspect the Property, as permitted by section 2.05(b) of the Deed of Trust, in order to ascertain BBI's compliance with loan documents, to examine the condition of the Property, and to inspect the premises. The Deed of Trust required BBI to cooperate with the performance of these inspections.  800 Bell also notified BBI that there had been no evidence that BBI had taken any steps to cure and remedy the conditions of the Property, as previously demanded.  Finally, 800 Bell demanded that BBI provide certain documentation relative to condition and maintenance of the Property.  Access to the Property was not granted.

15.    On July 9, 2025, as required by Article 3 of the Deed of Trust, 800 Bell requested of BBI evidence of copies of policies of certificates of insurance for the "Required Insurance" as defined in section 3.02 of the Deed of Trust, including "all risk" or "special perils" insurance and commercial general liability insurance. 800 Bell also requested that BBI provide written confirmation that all such policies had been continuously active without any lapses since inception, as also required under section 3.02.

16.    On July 11, 800 Bell notified Jacobwitz and BBI that on July 15, it and its representative, would conduct an inspection of the Property, as permitted by section 2.05(b) of the Deed of Trust. 800 Bell also made demand on Jacobwitz to provide evidence of his compliance with paragraph 7 of the Guaranty, including evidence of minimum liquidity and net worth.  Access to the Property was not granted.

17.    On July 14, 2025, 800 Bell sent a Notice of Default to BBI.  The Notice stated that despite request, BBI had failed to provide any documentation or other support that it was diligently pursuing curing its defaults under the Deed of Trust. Moreover, despite multiple requests, access to the Property was denied, a violation of the Deed of Trust. For the reasons described in the Notice, and in the previous correspondence sent to BBI, 800 Bell declared a formal Event of Default under the loan documents, and notified BBI that the entire loan balance was accelerated and default interest at the Default Rate (as described in the Note) had begun to accrue. In accordance with section 5.01 of the Deed of Trust, 800 Bell also notified BBI that all Rents and Profits (as defined in the Deed of Trust) received by BBI (including Rents and Profits for parking or garage operating agreements) should be remitted to 800 Bell, to be applied to the amounts owing on the Note and under the Deed of Trust[2]. BBI was further notified that 800 Bell had still not received evidence of the required insurance coverages that were enumerated in Article 3 of the Deed of Trust.

18.    On August 7, 2025, BBI provided Property insurance certificates. However, by correspondence dated August 11, 800 Bell informed BBI that the Certificate of Insurance was not sufficient and did not evidence compliance with Section 3.02 of the Deed of Trust[3].  BBI was also informed that 800 Bell was not retracting its acceleration and demand for payment of the Note and

---

[2] No monies were ever remitted to 800 Bell.

[3] BBI subsequently seemingly satisfied the insurance requirements under the Deed of Trust.

indebtedness secured by the Deed of Trust, nor was 800 Bell waiving any of its other rights under the Note, Deed of Trust, or any other documents executed in connection with the Loan.

19.     Because BBI failed to comply with the Deed of Trust, despite the opportunity to cure such defaults, 800 Bell posted the Property for foreclosure. On August 12, 2025, BBI was provided with a copy of the Notice of Substitute Trustee's Sale, and was advised that the foreclosure sale would occur on September 2, 2025, in accordance with the terms of the Deed of Trust and Texas law.

## Note and Deed of Trust Default

20.     BBI has committed an Event of Default under the Note by failing to pay principal and interest or any other payment required under the terms of the Note, on the date such payment was due, and such failure continued for 5 business days after 800 Bell, the Holder of the Note, sent written notice to BBI.  BBI also committed an Event of Default under the Deed of Trust which is an Event of Default of the Note, despite curative opportunities being extended.

21.     800 Bell hereby sues BBI for all sums due and owing under the Note and Deed of Trust, including, but not limited to, principal, interest, reasonable legal fees, and out of pocket costs, for which it seeks recovery herein.  This amount exceeds $14,000,000.00.

## Breach of Guaranty

22.     As part of his limited guaranty obligations under the Guaranty, Jacobwitz is liable for all costs and legal fees as a result of material physical waste of the Property caused by any act or failure to act by BBI which waste was not repaired or replaced with good and workmanship and materials of an equal or better quality and value.

23.     800 Bell hereby sues Jacobwitz for all amounts due and owing under the Guaranty, for which it seeks recovery herein.

## Expert Witness

24.     800 Bell hereby designate Sanford L. Dow as its expert witness to testify as to the reasonableness and necessity of the legal fees incurred in the prosecution of this lawsuit.

## Prayer

WHEREFORE, Plaintiff, 800 BELL HOLDINGS, LLC, respectfully request that Defendant, BELL BUSINESS INVESTMENTS LLC, be cited to appear and upon final trial be awarded the following from Defendants, jointly and severally:

a.      Actual damages, including unpaid principal and interest owing under the Note and sums owing under the Deed of Trust;

b.       Reasonable and necessary legal fees;

c.      Costs of court;

d.      Post-judgment Interest at the maximum amount allowed by law; and

e.      Such other and further relief to which 800 BELL HOLDINGS, LLC, may show itself justly entitled.

Respectfully submitted,

/s/ Sanford L. Dow
Sanford L. Dow
Texas Bar No. 00787392
S.D. Tex. ID No. 17162
dow@dowgolub.com
2700 Post Oak Blvd., Suite 1750
Houston, Texas 77056
(713) 526-3700/FAX (713) 526-3750

ATTORNEY-IN-CHARGE FOR 800 BELL HOLDINGS, LLC

-8-

OF COUNSEL:

DOW GOLUB REMELS & GILBREATH, PLLC
2700 Post Oak Blvd., Suite 1750
Houston, Texas 77056
(713) 526-3700/FAX (713) 526-3750