**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **800 BELL HOLDINGS LLC,** | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **C.A. NO. 4:25-cv-04072** |
| | § | |
| **BELL BUSINESS INVESTMENTS,** | § | |
| **LLC, ISAAC JACOBOWITZ,** | § | |
| **Defendants.** | | |

## DEFENDANT'S EMERGENCY MOTION TO CONSOLIDATE AND FOR TEMPORARY RESTRAINING ORDER

Bell Business Investments LLC, hereby asks the Court to consolidate this case with Civil Action No. 4:25-cv-04191, pending before Judge Andrew Hanen, titled Bell Business Investments LLC vs. 800 Bell Holdings LLC, et al.

**This case is the first filed case concerning this dispute. Bell Business Investments originally filed cause number 2025-63211 at approximately 5:30 p.m. CDT on August 27, 2025; that case was subsequently removed to Civil Action No. 4:25-cv-04191. 800 Bell Holdings filed the Complaint pending in this Court at 4:32 p.m. CDT.**

**This motion concerns an emergency matter. Moreover, because it involves an application for temporary restraining order, it seeks extraordinary relief, in that it seeks an order restraining defendant from undertaking a foreclosure sale scheduled to take place on October 7, 2025 beginning at 10:00 a.m.**

**For these reasons, Bell Business Investments LLC requests a hearing before the Court or a ruling on the temporary restraining order sought as soon as possible**.

## INTRODUCTION

1.   This case began on August 27, 2028. In this case, Plaintiff is 800 Bell Holdings LLC. Defendants are Bell Business Investments LLC and Isaac Jacobowitz. 800 Bell Holdings LLC's Original Complaint (Doc. 1) alleges default of a note and deed of trust by Bell Business Investments LLC, and breach of guaranty by Isaac Jacobowitz.

2.   Civil Action No. 4:25-cv-04191 also began on August 27, 2025, when Bell Business Investments LLC sued 800 Bell Holdings LLC, Sandy Dasigenis, Jeff Leva, Steve Leva, and Nicole Durett in Harris County state district court, cause number 2025-63211. In that case, Bell Business Investments, LLC alleged breach of the note and deed of trust, tortious interference with a separate contract, sought declaratory judgments, and sought injunctive relief. On September 5, 2025, 800 Bell Holdings LLC removed that case to the Southern District which was assigned the above-styled case number 4:25-cv-04191 and is pending before Judge Hanen.

3.   The facts in this case are both similar and substantially related to the subject matter in Civil Action No. 4:25-cv-04191.

4.   On October 3, 2025, 800 Bell Holdings LLC stated their intention to consolidate both actions into this action.[1]

5.   Bell Business Investments, LLC asks the Court to consolidate the suits.

6.   Further, Bell Business Investments, LLC asks the Court to consider its application for temporary restraining order, on an emergency basis, as it concerns a foreclosure sale scheduled to take place on October 7, 2025 beginning at 10:00 a.m.

---

[1] Exhibit 2, at page 2, footnote 3.

**EXHIBITS**

Exhibit 1: Complaint and Application for TRO, with supporting exhibits, filed in Civil Action No. 4:25-cv-04191 by Bell Business Investments, LLC (Doc. 6, 6-1, 6-2, Doc. 7, 7-1 through 7-34)

Exhibit 2: Response to Application for TRO, filed in Civil Action No. 4:25-cv-04191, by 800 Bell Holdings LLC. (Doc. 8 and 8-1 through 8-22).

Exhibit 3: Reply in Support of Application for TRO, filed in Civil Action No. 4:25-cv-04191 by Bell Business Investments, LLC (Doc. 9 and 9-1 to 9-2).

**ARGUMENT AND AUTHORITIES**

7.   Under Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." *Schweitzer v. Inv. Comm. of Phillips 66 Sav. Plan*, No. 4:17-CV-03013, 2018 WL 541197, at *1 (S.D. Tex. Jan. 3, 2018) (Rosenthal) (granting motion to consolidate).

8.   A court has wide discretion in deciding whether two or more actions have common questions of law and fact and whether consolidation would save time and money. *Id. citing Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761–62 (5th Cir. 1989).

9.   Factors for the court to consider in determining if consolidation is appropriate are whether (1) the actions are pending before the same court; (2) there are common parties; (3) there are common questions of law or fact; (4) there is risk of prejudice or confusion if the cases are consolidated and if so, whether the risk is outweighed by the risk of inconsistent adjudications of factual and legal issues; (5) consolidation will conserve judicial resources and reduce the time and cost of handling the cases separately; and (6) the cases are at different stages. *Id. citing In re Enron Corp. Sec., Derivative & ERISA Litig.*, Nos. H–01–3624, et al.,

2007 WL 446051, *1 (S.D. Tex. Feb. 7, 2007).

10. The Court may order consolidation even where the parties are opposed to it and its determination many "take precedence over the desires of counsel." *Id. citing In re Enron Corp., also citing In re Air Crash Disaster at Florida Everglades on Dec. 19, 1972*, 549 F.2d 1006, 1013, 1014 (5th Cir. 1977).

11. District courts frequently consolidate cases before them that overlap substantially. *Id. citing Gate Guard Services, LP v. Solis*, Civ. A. No. V–10–91, 2011 WL 2784447, *14 (S.D. Tex. July 12, 2011), *citing O'Hare v. Vulcan Capital, LLC*, No. SA–04–CA–566–OG, 2007 WL 996437, *3 (W.D. Tex. Feb. 20, 2007).

12. Here, the suits proposed to be consolidated are pending before this Court and another court within this district. *See* Fed. R. Civ. P. 42(a); *Invs. Rsch. Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).

13. The suits involve common issues of law and fact. Fed. R. Civ. P. 42(a); *Schweitzer; Eghnayem v. Bos. Sci. Corp.,* 873 F.3d 1304, 1313 (11th Cir. 2017), 873 F.3d at 1313–14; *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1010–11 (6th Cir. 1993). Both arise out of a note, deed of trust, and guaranty. Both involve real property located in Houston, Texas. The parties are represented by the same counsel. No discovery has been conducted. The initial scheduling conference in this case is scheduled for November 21, 2025; the initial scheduling conference in Civil Action No. 4:25-cv-04191 is scheduled for January 9, 2026.

14. The Court should consolidate this suit with Civil Action No. 4:25-cv-04191 for the following reasons:

15. There is no risk of prejudice or confusion if the cases are consolidated. If such a risk exists, it is outweighed by the risk of inconsistent adjudication of common factual and legal issues. *Eghnayem*, 873 F.3d at 1313–14; *Cantrell*, 999 F.2d at 1011.

16. Consolidation will not burden the parties or witnesses. *Eghnayem*, 873 F.3d at 1313–

14; *Cantrell*, 999 F.2d at 1011. Rather, consolidation will relieve the burden on the parties and witnesses that currently exists because of the two suits, and avoid unnecessary duplication of resources.

17. Consolidation will conserve judicial resources. *Eghnayem*, 873 F.3d at 1313–14; *Cantrell*, 999 F.2d at 1011. Moreover, it will avoid the current risk of contradictory rulings.

18. Consolidation will resolve the cases in less time than trying them separately. *Eghnayem*, 873 F.3d at 1313–14; *Cantrell*, 999 F.2d at 1011.

19. Consolidation will be less expensive than trying the cases separately. *Eghnayem*, 873 F.3d at 1313–14; *Cantrell*, 999 F.2d at 1011. As noted above, consolidation will relieve the burden on the parties and witnesses that currently exists because of the two suits, and avoid unnecessary duplication of resources.

20. Additionally, this case was the first filed case concerning this dispute. Bell Business Investments originally filed cause number 2025-63211 at approximately 5:30 p.m. CDT on August 27, 2025. 800 Bell Holdings filed this Complaint at 4:32 p.m. CDT.

## CONCLUSION

For these reasons, Bell Business Investments, LLC, asks the Court to consolidate this case Civil Action No. 4:25-cv-04072 with Civil Action No. 4:25-cv-04191 and to order the court clerk to merge the suits into one case under this Civil Action No. 4:25-cv-04072.

Moreover, Bell Business Investments, LLC's asks the Court to consider its application for TRO (Exhibits 1-3) and grant the TRO on an expedited basis, and for such other and further relief to which it may be entitled.

Respectfully submitted,

**WILSON, CRIBBS & GOREN, P.C.**

By:  */s/ Scot Clinton*
     Scot Clinton, Attorney-in-Charge
     Federal ID No.: 569701
     Texas Bar No.: 24045667
     Sara Prasatik
     Federal ID No.: 3229840
     Texas Bar No.: 24088251
     1233 West Loop South, Suite 800
     Houston, Texas 77027
     Tel. (713) 222-9000
     Fax. (713) 229-8824
     sclinton@wcglaw.com
     sprasatik@wcglaw.com

**ATTORNEYS FOR**
**BELL BUSINESS INVESTMENTS LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2025, a true and correct copy of the above and foregoing was filed on the CM/ECF system and served to all counsel of record via electronic notices, facsimile, and/or U.S. Postal Mail in compliance with the Federal Rules of Civil Procedure.

     */s/ Scot Clinton*
     Scot Clinton