IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| 800 BELL HOLDINGS, LLC | § | |
| | § | |
| | § | |
| VS. | § | C.A. No. 4:25-cv-04072 |
| | § | |
| | § | |
| BELL BUSINESS INVESTMENTS LLC | § | |
| and ISAAC JACOBWITZ | § | |

## **PLAINTIFF'S EMERGENCY MOTION TO GAIN ACCESS TO PROPERTY**

Plaintiff, 800 Bell Holdings, LLC ("800 Bell"), presents this Emergency Motion to Gain Access to Property, necessary to prevent further damage to the property at 800 Bell Street, Houston, Texas 77002 ("Property"), and shows as follows:

1.      Defendants, Bell Business Investments LLC ("BBI"), a Delaware limited liability company, currently maintains possession of the Property, which has fallen into significant disrepair.  800 Bell holds the first lien deed of trust on the Property.

2.      On December 30, 2022, BBI executed a Secured Promissory Note ("Note") between it and Shorenstein Properties 800 Bell, LLC ("Shorenstein"), and a Deed of Trust, Security Agreement, and Fixture Filing ("Deed of Trust"), duly filed in the Real Property Records of Harris County, Texas on January 3, 2023, under Clerk's File No. RP-2023-100, which conveyed the Property to Shorenstein and secured the Note. *See* Exhibit A, November 11, 2025 Unsworn Declaration of Thomas Lee ("Lee Decl.") ¶¶ 6, 9, Exs. 1 and 3.

3.      Also on December 30, 2022, Jacobwitz executed a Limited Guaranty (Secured Loan) ("Guaranty") between him and Shorenstein and agreed to pay Shorenstein for any material physical waste to the Property. Lee Decl. ¶ 7, Ex. 2.

4.      On April 29, 2025, Shorenstein conveyed its rights to the Property under the Deed of Trust to 800 Bell ("Assignment"), which was duly recorded in the Real Property Records of Harris County, Texas on April 29, 2025, under Clerk's File No. RP-2025-156813. Lee Decl. ¶ 12, Ex. 7.

5.      On May 28, 2025, 800 Bell notified Defendants that a visual inspection of the Property showed numerous broken windows, as well as significant issues with the electrical and HVAC systems caused by water damage to the Property. Lee Decl. ¶ 14, Ex. 9. 800 Bell demanded Defendants, in compliance with the Deed of Trust and Guaranty, cure the damage to the Property and restore the electrical and HVAC systems to good working order. *Id.*

6.      Over the next month, Defendants provided 800 Bell with no evidence that they were taking any steps to repair the Property's condition. Lee Decl. ¶ 15.

7.      On June 30, 2025, 800 Bell notified Defendants that it sought to inspect the Property, as permitted by the Deed of Trust; however, 800 Bell was not permitted access to the Property. Lee Decl. ¶ 15, Ex. 10. On July 9, 2025, 800 Bell sent Defendants a notice concerning this default. *Id.*, Ex. 11.

8.      On July 11, 2025, 800 Bell again notified Defendants that it sought to inspect the Property, as permitted by the Deed of Trust; however, 800 Bell was again not permitted access to the Property. Lee Decl. ¶ 17, Ex. 12.

9.      On July 14, 2025, 800 Bell sent a Notice of Default ("Default Notice") to BBI for its failure to provide any documentation or other support of any efforts it was taking to cure its

defaults under the Deed of Trust, as well as for its failure to provide 800 Bell with access to the Property. Lee Decl. ¶ 18, Ex. 13.

10. On August 6, 2025, 800 Bell again demanded access to inspect the Property and was again denied access. Lee Decl. ¶ 21, Ex. 16.

11. On August 27, 2025, 800 Bell initiated this action ("Original Action") to recover additional damages arising from BBI's default under the Note and Deed of Trust and Jacobwitz's breach of the Guaranty.

12. On August 28, 2025 BBI initiated a separate action in Texas state court, filing a petition and application for injunctive relief in Cause No. 2025-63211, *Bell Business Investments, LLC v. 800 Bell Holdings, LLC, Sandy Dasigenis, Jeff Leva, Steve Leva, and Nicole Durrett*; filed in the 281st Judicial District Court of Harris County, Texas (the "State Court Action").

13. On September 4, 2025, 800 Bell filed a notice removing the State Court Action to the United States District Court for the Southern District of Texas under Cause No. 4:25-cv-04191 ("Removed Action").

14. On September 11, 2025, 800 Bell demanded access to inspect the property for a fourth time, and, for a fourth time, Defendants failed to allow 800 Bell access. Lee Decl. ¶ 23, Ex. 18.

15. On October 6, 2025, BBI filed an Emergency Motion to Consolidate and for Temporary Restraining Order in the Original Action ("BBI's TRO Motion"). Lee Decl. ¶ 25, Ex. 19.

16. On October 7, 2025, the Court consolidated the Original Action and Removed Action into the current case before this Court.

17.     That same day, before a ruling could be issued on BBI's TRO Motion, BBI initiated bankruptcy proceedings under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York, Cause No. 25-12220-pb ("<u>Bankruptcy Proceeding</u>"). Lee Decl. ¶ 25, Ex. 20.

18.     As a result of BBI initiating the Bankruptcy Proceeding, this case was stayed until further notice on October 8, 2025.

19.     On October 27, 2025, the Bankruptcy Proceeding was dismissed, and the stay was lifted. Lee Decl. ¶ 26, Ex. 21.

20.     As of the date of this filing, Defendants have yet to allow 800 Bell to access the Property and take any measures to repair the ongoing damage. As evidenced by Thomas Lee's Unsworn Declaration, the damage to the Property is significant and continued failure to repair the issues will continue to compound 800 Bell's damages. *See* Lee Decl. ¶ 26, Ex. 9 at pp. 6-16; *see also id.* ¶ 4(v), Ex. 22.

## Arguments and Authorities

21.     Both the terms of the Deed of Trust and applicable state and federal law allow 800 Bell to file this motion to access the Property to inspect it and take necessary steps to prevent further damage and waste.

22.     The Deed of Trust allows 800 Bell to "institute, maintain and participate in Actions and take such other action, as it may deem appropriate in the good faith exercise of its discretion to preserve or protect the Property." Lee Decl., Ex. 3 § 2.07(b). As discussed in Thomas Lee's Unsworn Declaration, the damage to the Property is significant and Defendants have failed to provide 800 Bell with any evidence of any efforts Defendants are taking to repair the damage. *Id.* ¶ 14, Exs. 9 and 22. 800 Bell has sent notice to Defendants of its intent to inspect the Property four

times and each time 800 Bell was denied access. As a result of Defendants' continued failure to allow 800 Bell to access the Property, it is now appropriate for 800 Bell to seek access through this motion.

23.     Under Texas law, "a secured party may bring an action for waste when the value of the security is threatened." *Bancroft Life & Casualty ICC, Ltd., v. MMXCM Forte Group Ltd., LLP*, No. H-12-1928, 2013 WL 12310713, at \*9 (S.D. Tex. May 30, 2013). Waste occurs when a defendant's wrongful acts injure another's property interest, including injury resulting from defendant's failure to exercise reasonable care in preserving the property and failure to return the property in good repair and condition. *Id.* (concluding that "it is difficult to imagine a more wrongful act than the total and intentional deprivation of [a lender]'s security," where defendant's waste to the lender's security interest deprived the lender of more than $6 million in collateral). See also, *Wells Fargo Bank, N.A. v. H.B. Regal Parc, LLC*, 383 S.W.3d 253, 256, 258-59 (Tex. App. – Dallas 2012, no pet.) (waste found when property suffered room leaks and plumbing and electrical issues).

24.     Defendants' failure to repair the Property constitutes waste, and, as a secured party, 800 Bell is entitled to seek relief to prevent the ongoing injury to its interest in the Property caused by said waste.

25.     The Federal Rules of Civil Procedure allow this Court to issue an order to prevent immediate and irreparable injury, loss, or damage to Plaintiff. Fed. R. Civ. P. 65(b)(1)(A). It is necessary for a court to intervene where property is in imminent danger of being diminished in value, including in situations where the danger is caused by a defendant's failure to maintain the property and repair interior water damage. *See Unique Development Group, LLC, v. Normandy Capital Trust*, No. 4:18-cv-04542, 2020 WL 11364732, at \*1 (S.D. Tex. Dec. 31, 2020).

## Relief Requested

For these reasons, Plaintiff respectfully asks this Court to grant its Emergency Motion to Gain Access to the Property and issue an order allowing Plaintiff to access the Property so that it can perform an inspection and make necessary repairs to any damage. Plaintiff additionally requests the Court grant it any other relief at law or in equity that Plaintiff may be justly entitled to.

Respectfully submitted,

/s/ Sanford L. Dow
Sanford L. Dow
Texas Bar No. 00787392
S.D. Tex. ID No. 17162
dow@dowgolub.com
2700 Post Oak Blvd., Suite 1750
Houston, Texas 77056
(713) 526-3700/FAX (713) 526-3750

ATTORNEY-IN-CHARGE FOR 800 BELL HOLDINGS LLC

OF COUNSEL:

DOW GOLUB REMELS & GILBREATH, PLLC
2700 Post Oak Blvd., Suite 1750
Houston, Texas 77056
Telephone: (713) 526-3700
Facsimile: (713) 526-3750

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that the foregoing has been served upon all parties pursuant to Federal Rule of Civil Procedure 5(b) and the United States District Court for the Southern District of Texas Local Rule 5.3 via the ECF system on November 11, 2025.

*/s/ Sanford L. Dow*
Sanford L. Dow