**EXHIBIT 18**

**HW** HIRSCH & WESTHEIMER
*Attorneys and Counselors*

T. 713.220.9154
F. 713.223.9319
brauch@hirschwest.com

September 11, 2025

*Via Federal Express and*
*Email rwilson@wcglaw.com and sclinton@wcglaw.com*

Wilson Cribbs + Goren
Attn: Mr. Reid Wilson/Mr. Scot Clinton
1233 West Loop South, Suite 800
Houston, Texas 77027

*Via Federal Express*

Bell Business Investments LLC
c/o Treff & Lowy PLLC
481 Wythe Avenue, 2nd Floor
Brooklyn, New York 11249
Attn: Isaac Jacobowitz

Re: FOURTH DEMAND FOR INSPECTION

> Promissory Note dated December 30, 2022, in the original principal amount of $14,500,000.00 (the "**Note**"), executed by Bell Business Investments LLC ("**Borrower**"), payable to the order of the Shorenstein Properties 800 Bell LLC (the "**Original Lender**"), which Note is secured by a Deed of Trust of even date therewith, executed by the Borrower and recorded under Harris County Clerk's File No. RP-2023-100 (the "**Deed of Trust**")

Scot and Reid:

We are writing on behalf of 800 Bell Holdings, LLC (the "**Lender**") in connection with the above-referenced loan.

Pursuant to Section 2.05(b) of the Deed of Trust, we are hereby notifying you and the Borrower a fourth time that the Lender requests access to the building to conduct its inspections on any of the following days, September 15, 16 or 17. We will notify you via e-mail if the date of the inspection changes. Our inspectors will start in the morning on any of those dates and they estimate the time needed to complete the inspections will be a day and a half.

To remind you, our client has rightfully requested three times to have access to the Property, which access has yet to be provided as called for in the Deed of Trust. We are attaching the formal demand letters requesting such access.

Bell Business Investments LLC
September 11, 2025
Page 2

Further, in addition to the Borrower failing to provide access as required under the Deed of Trust, the Borrower and/or Guarantor has further failed to comply with a number of other covenants:

a. Failure to provide certified copies of the actual insurance policies and copies of all endorsements thereto. See letters dated July 9, 2025 and August 11, 2025 attached hereto.

b. Failure to provide the Guarantor's required financial information to evidence his financial covenants. See letter dated July 11, 2025 attached hereto.

c. Failure to deliver all income of the Property received from the parking garage constituting improvements covered by the Deed of Trust. See letter dated July 14, 2025 attached hereto.

Finally, our client has also been informed that TXU Energy Retail Company has terminated the electrical service to the Property, which effectively prevents the Borrower from maintaining the Property in accordance with the terms of the Deed of Trust. The current balance according to TXU Energy is $126,244.46 as of today. Please see the attached Termination Notice and email from TXU.

Please understand that nothing contained in this letter is intended to rescind or in any way retract the Lender's acceleration of the loan referenced above. Further, nothing contained in this letter is a waiver of Lender's other rights or remedies under the Note, the Deed of Trust, the Guaranty Agreement executed by Mr. Jacobowitz, or any other documents executed in connection with the loan they evidence, or at law or in equity.

If you have any questions, please do not hesitate to contact me. Time is of the essence in connection with this demand.

Very truly yours,

HIRSCH & WESTHEIMER, P.C.

By: _____
Bradley E. Rauch

Bell Business Investments LLC
September 11, 2025
Page 3


cc:    Mr. Isaac Jacobowitz                          *Via Federal Express*
       c/o Treff & Lowy PLLC
       481 Wythe Avenue, 2nd Floor
       Brooklyn, New York 11249


       Mr. Sanford Dow                        *Via Email dow@dowgolub.com*
       800 Bell Holdings, LLC                 *Via Email*

NOTICES REQUESTING INSPECTION UNDER DEED OF TRUST



**HIRSCH & WESTHEIMER**
*Attorneys and Counselors*

T. 713.220.9154
F. 713.223.9319
brauch@hirschwest.com

June 30, 2025

Via Federal Express and Email: rwilson@wcglaw.com
Wilson Cribbs + Goren
Attn: Mr. Reid Wilson
1233 West Loop South, Suite 800
Houston, Texas 77027

Re: DEMAND FOR DOCUMENTATION AND NOTICE OF INSPECTION

    Promissory Note dated December 30, 2022, in the original principal amount of $14,500,000.00 (the "**Note**"), executed by Bell Business Investments LLC ("**Borrower**"), payable to the order of the Shorenstein Properties 800 Bell LLC (the "**Original Lender**"), which Note is secured by a Deed of Trust of even date therewith, executed by the Borrower and recorded under Harris County Clerk's File No. RP-2023-100 (the "**Deed of Trust**")

Dear Mr. Wilson:

    As you are aware, this law firm represents 800 Bell Holdings, LLC (the "Lender") in connection with the above-referenced Note.

    Pursuant to Section 2.05(b) of the Deed of Trust, the Lender is hereby notifying you and the Borrower that on the morning of July 8, 2025 the Lender will conduct an inspection of the Property. This inspection shall be to verify the information provided in your response e-mail dated June 19, 2025 (the "Response E-Mail"), assess the Property's current condition, and detail any additional issues with its condition for the Borrower to address.

    As you are also aware, in our letter dated May 28, 2025 (the "Notice Letter"), the Lender notified Bell Business Investments LLC (the "Borrower") of multiple breaches of Sections 2.05(a)(i), 2.05(a)(ii), and 2.05(a)(iii) of the Deed of Trust, arising from Borrower's failure to: (i) properly maintain the Property (as defined in the Deed of Trust) in in good order, condition, and, repair; and (ii) remediate the Property as issues arose.

    Over thirty (30) days have elapsed since the Borrower received the Notice Letter. The Lender has yet to receive any evidence, other than your Response E-Mail, that the Borrower has demonstrated continuous and diligent efforts to rectify all identified issues in the Notice Letter.

    The Property remains in a state of ongoing physical deterioration and the absence of evidence of significant progress shall be deemed a continuing default.

    Accordingly, and pursuant to the Lender's rights under the Deed of Trust, the Lender hereby requests the following documentation, in addition to the documents requested in Exhibit A of the Notice Letter, to evidence that the Borrower is diligently prosecuting its cure obligations as stated in the Response E-Mail:

Bell Business Investments LLC
June 30, 2025
Page 2

1.  Complete copies of all current contracts, subcontracts, work orders, or agreements with any contractors, subcontractors, engineers, consultants, or other professionals retained in connection with any repairs, remediation, or maintenance of the Property, including, but not limited to, activities intended to address violations identified in the Notice Letter;

2.  Copies of all estimates, bids, or quotations requested or received from any contractor or vendor for any aspect of the repair, remediation, or replacement work at the Property, including:

    a.  Dates when each request for bids or quotations were sent;
    b.  Names of all companies from whom bids or quotes were requested; and
    c.  Complete copies of all responses received from each company.

3.  All invoices, receipts, and proof of payments for equipment, materials, labor, and supplies related to any repair, maintenance, or remediation efforts undertaken at the Property, clearly indicating the date each payment was made;

4.  A detailed and itemized accounting of all payments made to date in connection with repair, remediation, or maintenance activities at the Property, supported by copies of cleared checks, wire transfers, or other documented proof of each payment;

5.  A comprehensive written plan and timeline for the completion of all outstanding repairs and remediation items at the Property, specifying each major item, its current status, anticipated dates of commencement and completion, and identification of the responsible party(ies);

6.  Copies of all permits, licenses, or approvals obtained from relevant authorities in connection with any repairs, remediation, or maintenance of the Property;

7.  Photographic evidence clearly documenting both existing unresolved deficiencies and repairs or corrections already completed at the Property, covering all areas affected by the violations identified in the Notice Letter. All photographs must include timestamps or be accompanied by the date taken;

8.  A detailed list of all repair and maintenance work already completed, including the start and completion dates, the names of contractors or subcontractors involved, and the costs associated with each completed work item; and

9.  A detailed list and photographs of any other issues not listed in this letter that have been discovered by Borrower or any other party inspecting or working on the Property.

The documentation requested herein should be sent to our client through us and must be comprehensive and include all relevant materials, even if related to repairs or maintenance not explicitly mentioned in the Notice Letter.

Bell Business Investments LLC
June 30, 2025
Page 3

Please provide all of the above documentation no later than five (5) days from the date of your receipt of this letter to confirm the statements in your Response E-Mail and the Borrower's exercise of due diligence in curing the outstanding defaults. Your failure to comply with this request within the stated time frame will be deemed as further evidence of Borrower's ongoing default and lack of continuous diligent efforts to cure the cited violations. Lender reserves its rights under the Deed of Trust to formally declare an Event of Default and the rights and remedies contained therein at law or in equity. This letter is sent without waiver or limitation of any rights or remedies available to the Lender under the Note, Deed of Trust or any other documents executed in connection with the loan they evidence, at law or in equity.

Please note we are sending a copy of this letter to your client to comply with the notice requirements under the Deed of Trust.

If you have any questions or comments regarding this matter, please do not hesitate to contact me. Time is of the essence in connection with this demand.

Very truly yours,

HIRSCH & WESTHEIMER, P.C.

By: _____
Bradley E. Rauch

cc:   Bell Business Investments LLC          *Via Federal Express*
      c/o Treff & Lowy PLLC
      481 Wythe Avenue, 2nd Floor
      Brooklyn, New York 11249
      Attn: Isaac Jacobowitz

      800 Bell Holdings, LLC                 *Via Email*

4933-4091-1440, v. 4



HIRSCH & WESTHEIMER
*Attorneys and Counselors*

T. 713.220.9144
F. 713.223.9319
nsethi@hirschwest.com

July 11, 2025

*Via Federal Express*
**Bell Business Investments LLC**
c/o Treff & Lowy PLLC
481 Wythe Avenue, 2nd Floor
Brooklyn, New York 11249
Attn: Isaac Jacobowitz

*Via Federal Express*
Isaac Jacobowitz
c/o Treff & Lowy PLLC
481 Wythe Avenue, 2nd Floor
Brooklyn, New York 11249

Re:     **SECOND NOTICE OF INSPECTION AND DEMAND FOR GUARANTOR FINANCIALS**

Promissory Note dated December 30, 2022, in the original principal amount of $14,500,000.00 (the "**Note**"), executed by Bell Business Investments LLC ("**Borrower**"), payable to the order of the Shorenstein Properties 800 Bell LLC (the "**Original Lender**"), which Note is secured by a Deed of Trust of even date therewith, executed by the Borrower and recorded under Harris County Clerk's File No. RP-2023-100 (the "**Deed of Trust**"), which Note and Deed of Trust being held by 800 Bell Holdings, LLC (the "**Lender**")

Mr. Jacobowitz:

Pursuant to Section 2.05(b) of the Deed of Trust, the Lender is hereby notifying the Borrower that on the morning of July 15, 2025 the Lender and its representatives will conduct an inspection of the Property. The Lender is entitled to inspect the Property pursuant to the express provisions of the loan documents, and we expect the Borrower to cooperate with this reasonable request. The Borrower's lack of cooperation, after being provided ample notice our letter dated June 30, 2025 is a clear violation of the Deed of Trust and an Event of Default.

If the Lender is unable to inspect the Property on the morning of July 15, 2025, it will immediately proceed with filing for a Temporary Restraining Order for access to the Property, a Temporary Injunction, a Permanent Injunction, declare the Borrower in an Event of Default, accelerate the Note, and file a lawsuit for breach of the loan documents.

Bell Business Investments LLC
July 11, 2025
Page 2

The Lender hereby demands, in addition to our previous demands, from Mr. Isaac Jacobowitz under the Limited Guaranty (Secured Loan), dated December 30, 2022 and executed by Mr. Jacobowitz, the following:

Pursuant to Paragraph 7 of the Limited Guaranty:

1. Evidence that at all times since December 30, 2022 Mr. Jacobowitz has maintained a minimum Liquidity (as defined therein) of $10,000,000.00; and

2. Evidence that Mr. Jacobowitz's Net Worth (as defined therein) is at or above $50,000,000.00, excluding equity in the Property.

Pursuant to Paragraph 8 of the Limited Guaranty:

1. Mr. Jacobowitz's current unaudited personal financial statements prepared in accordance with GAAP (including without limitation, an income and expense statement, balance sheet and statement of cash flow).

The demanded evidence should be sent to the Lender (through this law firm) within ten (10) business days of your receipt of this letter. If the Lender does not receive such evidence, it shall pursue all of its rights and remedies under the Limited Guaranty.

For efficiency, the Borrower or the Borrower's representative may contact the undersigned, via email, to coordinate the Lender's inspection on July 15, 2025.

Time is of the essence with respect to all of Borrower's obligations under the loan documents and all of our letters.

Nothing contained in this letter is a waiver of Lender's other rights or remedies under the Note, the Deed of Trust, or any other documents executed in connection with the loan they evidence, or at law or in equity.

If you have any questions or comments regarding this matter, please do not hesitate to contact me.

Very truly yours,

HIRSCH & WESTHEIMER, P.C.

By: _____
Neil Sethi

4937-1376-6485, v. 1

Bell Business Investments LLC
July 11, 2025
Page 3

cc:     *Via Federal Express*
Bell Business Investments LLC
c/o Treff & Lowy PLLC
481 Wythe Avenue, 2nd Floor
Brooklyn, New York 11249
Attn: Abraham Lowy

       *Via Federal Express and Email: rwilson@wcglaw.com*
Bell Business Investments, LLC
c/o Wilson Cribbs + Goren
Attn: Mr. Reid Wilson
1233 West Loop South, Suite 800
Houston, Texas 77027

       *Via Email: sclinton@wcglaw.com*
Wilson Cribbs + Goren
Attn: Scot Clinton

       *Via Email*
800 Bell Holdings, LLC

       *Via Email: Brauch@hirschwest.com*
Brad Rauch
Hirsch & Westheimer P.C.



HW  HIRSCH & WESTHEIMER
                    *Attorneys and Counselors*

T. 713.220.9154
F. 713.223.9319
brauch@hirschwest.com

August 6, 2025

*Via Federal Express and*
*Email* rwilson@wcglaw.com *and* sclinton@wcglaw.com

Wilson Cribbs + Goren
Attn: Mr. Reid Wilson/Mr. Scot Clinton
1233 West Loop South, Suite 800
Houston, Texas 77027

### Re: DEMAND FOR INSPECTION

Promissory Note dated December 30, 2022, in the original principal amount of $14,500,000.00 (the "**Note**"), executed by Bell Business Investments LLC ("**Borrower**"), payable to the order of the Shorenstein Properties 800 Bell LLC (the "**Original Lender**"), which Note is secured by a Deed of Trust of even date therewith, executed by the Borrower and recorded under Harris County Clerk's File No. RP-2023-100 (the "**Deed of Trust**")

Scot and Reid:

As you are aware, this law firm represents 800 Bell Holdings, LLC (the "Lender") in connection with the above-referenced loan.

Pursuant to Section 2.05(b) of the Deed of Trust, I am hereby notifying you and the Borrower that on or about the morning of August 14 and/or August 15, 2025, the Lender will conduct an Inspection of the Property. We will notify you via e-mail if the date of the inspection changes. If the inspection cannot be fully completed on August 14th then our client would complete the same on August 15th. Please note we are sending a copy of this letter to your client to comply with the notice requirements under the Deed of Trust.

If you have any questions, please do not hesitate to contact me. Time is of the essence in connection with this demand.

Very truly yours,

HIRSCH & WESTHEIMER, P.C.

By: _____
Bradley E. Rauch

Bell Business Investments LLC
August 6, 2025
Page 2


cc:    Bell Business Investments LLC             *Via Federal Express*
        c/o Treff & Lowy PLLC
        481 Wythe Avenue, 2nd Floor
        Brooklyn, New York 11249
        Attn: Isaac Jacobowitz


        800 Bell Holdings, LLC                  *Via Email*

# OTHER REFERENCED LETTERS



HIRSCH & WESTHEIMER
*Attorneys and Counselors*

T. 713.220.9154
F. 713.223.9319
brauch@hirschwest.com

July 9, 2025

**Via Federal Express**
Bell Business Investments LLC
c/o Treff & Lowy PLLC
481 Wythe Avenue, 2nd Floor
Brooklyn, New York 11249
Attn: Isaac Jacobowitz

Re:    **NOTICE OF DEFAULT**

Promissory Note dated December 30, 2022, in the original principal amount of $14,500,000.00 (the "**Note**"), executed by Bell Business Investments LLC ("**Borrower**"), payable to the order of the Shorenstein Properties 800 Bell LLC (the "**Original Lender**"), which Note is secured by a Deed of Trust of even date therewith, executed by the Borrower and recorded under Harris County Clerk's File No. RP-2023-100 (the "**Deed of Trust**"), which Note and Deed of Trust being held by 800 Bell Holdings, LLC (the "**Lender**")

Ladies and Gentlemen::

As required by Article 3 of the Deed of Trust (a copy of which is attached), the Lender requests evidence of copies of policies or certificates of insurance, for the "Required Insurance" as defined in Sec. 3.02 of the Deed of Trust. The Required Insurance includes, without limitation:

(i)    "All Risk" or "Special Perils" insurance (or its equivalent in Texas), including wind and flood coverage in at least $5,000,000, naming the Lender as Loss Payee, and containing an agreed amount endorsement; and

(ii)   Commercial General Liability insurance  of not less than $5,000,000 per occurrence and otherwise in accordance with Sec. 3.02(b) of the Deed of Trust, and naming the Lender as an "additional insured";

all of which coverages and policies to strictly conform to the requirements set forth in Sec. 3.02.

Further, the Lender requests a written confirmation that all such policies have been continuously active without any lapses since inception, as also required under Section 3.02.

Bell Business Investments LLC
July 9, 2025
Page 2


The foregoing information can be sent to the Lender care of the undersigned.

Nothing contained in this letter is a waiver of Lender's other rights or remedies under the Note, the Deed of Trust, or any other documents executed in connection with the loan they evidence, or at law or in equity.

If you have any questions or comments regarding this matter, please do not hesitate to contact me.

Very truly yours,

HIRSCH & WESTHEIMER, P.C.

By: _____
Bradley E. Rauch


cc:    *Via Federal Express*
Bell Business Investments LLC
c/o Treff & Lowy PLLC
481 Wythe Avenue, 2nd Floor
Brooklyn, New York 11249
Attn:  Abraham Lowy

*Via Federal Express and Email: rwilson@wcglaw.com*
Bell Business Investments, LLC
c/o Wilson Cribbs + Goren
Attn: Mr. Reid Wilson
1233 West Loop South, Suite 800
Houston, Texas 77027

*Via Email: sclinton@wcglaw.com*
Wilson Cribbs + Goren
Attn: Scot Clinton


*Via Email*
800 Bell Holdings, LLC

*Via Email: nsethi@hirschwest.com*
Neil Sethi
Hirsch & Westheimer P.C.

4901-9390-1140, v. 1

Section 2.06  COLLATERAL SECURITY INSTRUMENTS.  Grantor covenants and agrees that if Beneficiary at any time holds additional security for any obligations secured by this Deed of Trust, it may enforce its rights and remedies with respect to the security, at its option, either before, concurrently or after a sale of the Property is made pursuant to the terms of this Deed of Trust. Beneficiary may apply the proceeds of the additional security to the Secured Indebtedness without affecting or waiving any right to any other security, including the security under this Deed of Trust, and without waiving any breach or default of Grantor under this Deed of Trust or any other Loan Document.

Section 2.07  SUITS AND OTHER ACTS TO PROTECT THE PROPERTY.

(a)    Grantor shall notify Beneficiary as promptly as reasonably possible after the receipt of notice of any and all actions or proceedings (i) adversely affecting the Property or Grantor's interest therein, and/or (ii) arising under any of the Leases, and/or (iii) adversely affecting the interest of Beneficiary under the Loan Document (collectively, "Actions").

(b)    Beneficiary shall have the right, at the cost and expense of Grantor, to institute, maintain and participate in Actions and take such other action, as it may deem appropriate in the good faith exercise of its discretion to preserve or protect the Property and/or the interest of Beneficiary under the Loan Documents. Any money paid by Beneficiary under this Section shall be reimbursed to Beneficiary in accordance with Section 10.06 hereof.

Section 2.08  LIENS AND ENCUMBRANCES.  Without the prior written consent of Beneficiary, to be exercised in Beneficiary's sole discretion, Grantor shall not create, place or allow to remain any lien or encumbrance on the Property, including deeds of trust, mortgages, security interests, conditional sales, mechanic liens, tax liens or assessment liens regardless of whether or not they are subordinate to the lien created by this Deed of Trust (collectively, "Liens and Encumbrances"). If any Liens and Encumbrances are recorded against the Property or any part of the Property, Grantor shall bond around or otherwise obtain a discharge and release of any Liens and Encumbrances within thirty (30) days after receipt of notice of their existence.

### ARTICLE 3
### INSURANCE

Section 3.01  REQUIRED INSURANCE AND TERMS OF INSURANCE POLICIES.

(a)    During the term of this Deed of Trust, Grantor at its sole cost and expense must provide insurance policies or certificates of insurance for types of insurance described below all of which must be reasonably satisfactory to Beneficiary as to form of policy, amounts, deductibles, sublimits, types of coverage, exclusions and the companies underwriting these coverages. Beneficiary agrees not to require any insurance that is inconsistent with the requirements set forth in this Deed of Trust. In no event shall such policies be terminated or otherwise allowed to lapse, unless prior to such termination or lapse such policies are replaced by policies that otherwise satisfy the requirements of this Section 3.01. Grantor shall be responsible for its own deductibles. Grantor shall also pay for any insurance, or any increase of policy limits, not described in this Deed of Trust which Grantor requires for its own protection or for compliance with government statutes. Grantor's insurance shall be primary and without contribution from any insurance

6

RP-2023-100

procured by Beneficiary including, without limitation, any insurance obtained by Beneficiary pursuant to Section 3.01 (d) hereof.

Section 3.02   Evidence reasonably satisfactory to Beneficiary of the policies of insurance shall be delivered to Beneficiary in accordance with the following requirements:

(a)     Property insurance on the Improvements and the Personal Property insuring against any peril now or hereafter included within the classification "All Risk" or "Special Perils," including wind and flood coverage, in each case (i) in an amount no less than Five Million Dollars ($5,000,000); (ii) containing an agreed amount endorsement with respect to the Improvements and Personal Property waiving all co-insurance provisions; (iii) naming Beneficiary as Loss Payee; and (iv) providing for no deductible in excess of $1,000,000.00, which insurance must be effective no later than thirty (30) days after the Closing Date;

(b)     Commercial General Liability insurance against claims for personal injury, bodily injury, death or property damage occurring upon, in or about the Property, such insurance (i) to be on the so-called "occurrence" form with a combined single limit of not less than (A) $5,000,000 per occurrence for the period prior to any redevelopment of the Property, or (B) 25,000,000 per occurrence during any redevelopment of the Property; (ii) to continue at not less than this limit; and (iii) to cover at least the following hazards: (a) premises and operations; (b) products and completed operations on an "if any" basis; (c) independent contractors; (d) blanket contractual liability; and (e) contractual liability covering the indemnities contained in this Deed of Trust to the extent available. The required limit may be satisfied through a combination of Primary and Excess Liability policies.

(c)     Such other insurance (i) as may from time to time be reasonably required by Beneficiary against other insurable hazards, including, but not limited to, flood, windstorm, vandalism, environmental, sinkhole and mine subsidence.

(d)     The Commercial General Liability policy referred to in this Section 3.02 shall name Beneficiary as an additional insured. All of the policies referred to in this Section 3.02 shall provide for at least ten (10) days' written notice to Beneficiary in the event of policy cancellation or ten (10) days' written notice to Beneficiary in the event of non-payment of premium. All the insurance companies must be authorized to do business in the State of Texas with a rating of at least A-:VIII. Certified copies of the policies, and any endorsements, shall be made available for inspection by Beneficiary upon request. If Grantor fails to obtain or maintain insurance policies and coverages as required by this Section 3.02 ("Required Insurance") then Beneficiary shall have the right but shall have no obligation to immediately to procure any Required Insurance at Grantor's cost.

(e)     Grantor shall be required during the term of the Loan to continue to provide Beneficiary with original renewal policies or replacements of the primary insurance policies referenced in this Section 3.02. Beneficiary may accept Certificates of Insurance evidencing insurance policies referenced in this Section 3.02 instead of requiring the actual policies. Beneficiary shall be provided with renewal Certificates of Insurance, or Binders, prior to each expiration. In the event Beneficiary accepts a Binder as evidence of insurance, a primary insurance policy or certificate must be received by Beneficiary at least ten (10) days prior to the expiration of the Binder. Further, if Beneficiary is named in a claim or lawsuit, Beneficiary shall have the

7

RP-2023-100

right to review all of Grantor's redacted copies of insurance policies (not just the primary insurance policies). The failure of Grantor to maintain the insurance required under this Article III shall not constitute a waiver of Grantor's obligation to fulfill these requirements.

Section 3.03    ADJUSTMENT OF CLAIMS.    Grantor hereby authorizes and empowers Beneficiary to settle, adjust or compromise any claims for damage to, or loss or destruction of, all or a portion of the Property, regardless of whether there are Insurance Proceeds available or whether any such Insurance Proceeds are sufficient in amount to fully compensate for such damage, loss or destruction. Notwithstanding the foregoing, Grantor shall have the sole right to settle, adjust or compromise any such claims, provided that (a) there is no Event of Default then existing, and (b) the amount of any such claim is less than $1,000,000.

Section 3.04    ASSIGNMENT TO BENEFICIARY.    In the event of the foreclosure of this Deed of Trust or other transfer of the title to the Property in extinguishment of the Secured Indebtedness, all right, title and interest of Grantor in and to such insurance policy(ies), or premiums or payments in satisfaction of claims or any other rights under these insurance policy(ies) shall to the extent assignable, inure to the benefit of the transferee of the Property.

Section 3.05    TEXAS    FINANCE    CODE.    **TEXAS    FINANCE    CODE SECTION 307.052 COLLATERAL PROTECTION INSURANCE NOTICE: EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THIS DEED OF TRUST, (A) GRANTOR IS REQUIRED TO: (i) KEEP THE PROPERTY INSURED AGAINST DAMAGE IN THE AMOUNT BENEFICIARY SPECIFIES; (ii) PURCHASE THE INSURANCE FROM AN INSURER THAT IS AUTHORIZED TO DO BUSINESS IN THE STATE OF TEXAS OR AN ELIGIBLE SURPLUS LINES INSURER; AND (iii) NAME BENEFICIARY AS THE PERSON TO BE PAID UNDER THE POLICY IN THE EVENT OF A LOSS; (B) GRANTOR MUST, IF REQUIRED BY BENEFICIARY, DELIVER TO BENEFICIARY A COPY OF THE POLICY AND PROOF OF THE PAYMENT OF PREMIUMS; AND (C) IF GRANTOR FAILS TO MEET ANY REQUIREMENT LISTED IN CLAUSE (A) OR (B), BENEFICIARY MAY OBTAIN COLLATERAL PROTECTION INSURANCE ON BEHALF OF GRANTOR AT GRANTOR'S EXPENSE.**

### ARTICLE 4
### BOOKS, RECORDS AND ACCOUNTS

Section 4.01    BOOKS AND RECORDS.    Grantor shall keep adequate books and records of account in accordance with generally accepted accounting principles ("GAAP"), or in accordance with other methods acceptable to Beneficiary in its sole discretion, consistently applied.

### ARTICLE 5
### LEASES AND OTHER AGREEMENTS AFFECTING THE PROPERTY

Section 5.01    ASSIGNMENT OF LEASES.

(a)    Grantor hereby absolutely assigns and sets over to Beneficiary all of the Leases and the Rents and Profits for the purpose of making the payment of the Secured Indebtedness and, so long as there shall exist no Event of Default, there is reserved to Grantor a license to collect as

8

4867-9273-8116.v6



T. 713.220.9154
F. 713.223.9319
brauch@hirschwest.com

August 11, 2025

*Via Federal Express*
Bell Business Investments LLC
c/o Treff & Lowy PLLC
481 Wythe Avenue, 2nd Floor
Brooklyn, New York 11249
Attn: Isaac Jacobowitz

Re:    **NOTICE OF INSURANCE DEFAULT**

Promissory Note dated December 30, 2022, in the original principal amount of $14,500,000.00 (the "**Note**"), executed by Bell Business Investments LLC ("**Borrower**"), payable to the order of the Shorenstein Properties 800 Bell LLC (the "**Original Lender**"), which Note is secured by a Deed of Trust of even date therewith, executed by the Borrower and recorded under Harris County Clerk's File No. RP-2023-100 (the "**Deed of Trust**")

Mr. Jacobowitz:

As you are aware, this law firm represents 800 Bell Holdings, LLC (the "**Lender**") in connection with the above loan. We are in receipt of the Property Insurance certificate that was sent to us on August 7, 2025.

The Certificate of Insurance is not sufficient. First, it appears that the coverage only applies to the 800 Bell Street office building and not the 700 Leeland Street garage. Second, the Certificate does not reflect coverage for wind and flood coverage as is required by Section 3.02 of the Deed of Trust for both buildings. Lastly, we asked for proof that the insurance policy would provide for at least ten (10) days' written notice to beneficiary in the event of non-payment of premium. Please provide the evidence that such clauses are contained in the insurance policies. We previously requested to see certified copies of the policies and all endorsements in accordance with Sec. 3.02(d) of the Deed of Trust.

For the reasons provided above and in our previous letters to you, <u>Lender restates that the Borrower has not satisfied its obligations under the insurance provisions of the Deed of Trust within the applicable cure period, and remains in default under the Loan.</u>

Nothing contained in this letter is a retraction of the Lender's acceleration and demand for payment of the Note and indebtedness secured by the Deed of Trust, nor is a waiver of Lender's other rights or remedies under the Note, the Deed of Trust, or any other documents executed in connection with the loan they evidence, or at law or in equity.

Bell Business Investments LLC
August 11, 2025
Page 2


If you have any questions or comments regarding this matter, please do
not hesitate to contact me.

Very truly yours,

HIRSCH & WESTHEIMER, P.C.

By: _____
Bradley E. Rauch

cc:    *Via Federal Express*
Bell Business Investments LLC
c/o Treff & Lowy PLLC
481 Wythe Avenue, 2nd Floor
Brooklyn, New York 11249
Attn:  Abraham Lowy

*Via Federal Express*
Isaac Jacobowitz
c/o Treff & Lowy PLLC
481 Wythe Avenue, 2nd Floor
Brooklyn, New York 11249

*Via Federal Express and Email: rwilson@wcglaw.com*
Bell Business Investments, LLC
c/o Wilson Cribbs + Goren
Attn: Mr. Reid Wilson/Mr. Scot Clinton
1233 West Loop South, Suite 800
Houston, Texas 77027

*Via Email: sclinton@wcglaw.com and rwilson@wcglaw.com*
Wilson Cribbs + Goren
Attn: Reid Wilson/Scot Clinton

*Via Email*
800 Bell Holdings, LLC



**HIRSCH & WESTHEIMER**
*Attorneys and Counselors*

T. 713.220.9144
F. 713.223.9319
nsethi@hirschwest.com

July 11, 2025

*Via Federal Express*
Bell Business Investments LLC
c/o Treff & Lowy PLLC
481 Wythe Avenue, 2nd Floor
Brooklyn, New York 11249
Attn: Isaac Jacobowitz

*Via Federal Express*
Isaac Jacobowitz
c/o Treff & Lowy PLLC
481 Wythe Avenue, 2nd Floor
Brooklyn, New York 11249

Re:   SECOND NOTICE OF INSPECTION AND DEMAND FOR GUARANTOR
FINANCIALS

Promissory Note dated December 30, 2022, in the original principal
amount of $14,500,000.00 (the "**Note**"), executed by Bell Business
Investments LLC ("**Borrower**"), payable to the order of the
Shorenstein Properties 800 Bell LLC (the "**Original Lender**"), which
Note is secured by a Deed of Trust of even date therewith, executed
by the Borrower and recorded under Harris County Clerk's File No.
RP-2023-100 (the "**Deed of Trust**"), which Note and Deed of Trust
being held by 800 Bell Holdings, LLC (the "**Lender**")

Mr. Jacobowitz:

Pursuant to Section 2.05(b) of the Deed of Trust, the Lender is hereby
notifying the Borrower that on the morning of July 15, 2025 the Lender and its
representatives will conduct an inspection of the Property. The Lender is
entitled to inspect the Property pursuant to the express provisions of the loan
documents, and we expect the Borrower to cooperate with this reasonable
request. The Borrower's lack of cooperation, after being provided ample
notice our letter dated June 30, 2025 is a clear violation of the Deed of Trust
and an Event of Default.

If the Lender is unable to inspect the Property on the morning of July 15,
2025, it will immediately proceed with filing for a Temporary Restraining
Order for access to the Property, a Temporary Injunction, a Permanent
Injunction, declare the Borrower in an Event of Default, accelerate the Note,
and file a lawsuit for breach of the loan documents.

Bell Business Investments LLC
July 11, 2025
Page 2

The Lender hereby demands, in addition to our previous demands, from Mr. Isaac Jacobowitz under the Limited Guaranty (Secured Loan), dated December 30, 2022 and executed by Mr. Jacobowitz, the following:

Pursuant to Paragraph 7 of the Limited Guaranty:

1. Evidence that at all times since December 30, 2022 Mr. Jacobowitz has maintained a minimum Liquidity (as defined therein) of $10,000,000.00; and

2. Evidence that Mr. Jacobowitz's Net Worth (as defined therein) is at or above $50,000,000.00, excluding equity in the Property.

Pursuant to Paragraph 8 of the Limited Guaranty:

1. Mr. Jacobowitz's current unaudited personal financial statements prepared in accordance with GAAP (including without limitation, an income and expense statement, balance sheet and statement of cash flow).

The demanded evidence should be sent to the Lender (through this law firm) within ten (10) business days of your receipt of this letter. If the Lender does not receive such evidence, it shall pursue all of its rights and remedies under the Limited Guaranty.

For efficiency, the Borrower or the Borrower's representative may contact the undersigned, via email, to coordinate the Lender's inspection on July 15, 2025.

Time is of the essence with respect to all of Borrower's obligations under the loan documents and all of our letters.

Nothing contained in this letter is a waiver of Lender's other rights or remedies under the Note, the Deed of Trust, or any other documents executed in connection with the loan they evidence, or at law or in equity.

If you have any questions or comments regarding this matter, please do not hesitate to contact me.

Very truly yours,

HIRSCH & WESTHEIMER, P.C.

By: _____
Neil Sethi

4937-1376-6485, v. 1

Bell Business Investments LLC
July 11, 2025
Page 3


cc:    *Via Federal Express*
       Bell Business Investments LLC
       c/o Treff & Lowy PLLC
       481 Wythe Avenue, 2nd Floor
       Brooklyn, New York 11249
       Attn:  Abraham Lowy

       *Via Federal Express and Email: rwilson@wcglaw.com*
       Bell Business Investments, LLC
       c/o Wilson Cribbs + Goren
       Attn: Mr. Reid Wilson
       1233 West Loop South, Suite 800
       Houston, Texas 77027

       *Via Email: sclinton@wcglaw.com*
       Wilson Cribbs + Goren
       Attn: Scot Clinton


       *Via Email*
       800 Bell Holdings, LLC

       *Via Email: Brauch@hirschwest.com*
       Brad Rauch
       Hirsch & Westheimer P.C.



T. 713.220.9154
F. 713.223.9319
brauch@hirschwest.com

July 14, 2025

***Via Federal Express***
Bell Business Investments LLC
c/o Treff & Lowy PLLC
481 Wythe Avenue, 2nd Floor
Brooklyn, New York 11249
Attn: Isaac Jacobowitz

Re:    NOTICE OF DEFAULT

Promissory Note dated December 30, 2022, in the original principal amount of $14,500,000.00 (the "**Note**"), executed by Bell Business Investments LLC ("**Borrower**"), payable to the order of the Shorenstein Properties 800 Bell LLC (the "**Original Lender**"), which Note is secured by a Deed of Trust of even date therewith, executed by the Borrower and recorded under Harris County Clerk's File No. RP-2023-100 (the "**Deed of Trust**")

Mr. Jacobowitz:

As you are aware, this law firm represents 800 Bell Holdings, LLC (the "**Lender**") in connection with the above loan. We are in receipt of Mr. Wilson's letter dated July 7, 2025.

In our letter dated May 28, 2025, we gave you notice that the Property (as defined in the Deed of Trust) was not in good order, condition, or repair in violation of Section 2.05(a)(ii) of the Deed of Trust. In an email to us dated June 19, 2025. Reid Wilson on the Borrower's behalf stated that certain repair and remediation work had been commenced. In our further letter to you dated June 30, 2025, we requested evidence that you had commenced such repairs and maintenance, and were diligently prosecuting the completion of the same as required by the Deed of Trust.

We have not been provided with any documentation or other support that the Borrower is diligently pursuing curing its defaults under the Deed of Trust. We further gave you more than sufficient notice that the Lender wanted to physically inspect the Property to confirm what has and has not been done. Access was not provided.

In our letter dated June 30 2025, you were put on notice that the Lender would be conducting an inspection of the Property on July 8, 2025. At Mr. Wilson's request, we promptly provided you with evidence that the Note and Deed of Trust had been assigned to our client. You were already informed of that fact in our letter dated May 12, 2025 (regarding outstanding property

Bell Business Investments LLC
July 14, 2025
Page 2

taxes). The Borrower did not cooperate with our client's right to perform the inspection in violation of Section 2.05(b) of the Deed of Trust.

Because of this lack of transparency, the obvious avoidance of the Lender's requests, and by an exterior inspection of the Property and its improvements, it is clear that the Borrower is not pursuing the necessary repairs and maintenance in a diligent manner. From even a casual exterior inspection, there are still numerous visible broken windows and significant amounts of loose broken glass on the "fins" of the Property which clearly constitute a life safety issue described in Section 7.01(a).

For the reasons provided above and in our previous letters to you, Lender hereby declares a formal Event of Default under the loan documents. The entire loan balance is hereby accelerated and default interest at the Default Rate (as described in the Note) has begun to accrue. You may contact the undersigned for a payoff quote. The Lender, at its option, intends to exercise its available legal remedies, which includes proceeding to post the real and personal property securing the Note for a foreclosure sale. In addition, the Lender reserves its rights to bring a lawsuit against Borrower and/or Guarantor to collect amounts that may be due under the applicable loan documents. In doing so, our client will be seeking all attorneys' fees incurred by the Lender.

In accordance with Section 5.01 of the Deed of Trust, all Rents and Profits (as defined in the Deed of Trust) received by Borrower (including Rents and Profits for parking or garage operating agreements) shall immediately be remitted to the Lender and shall be applied to the outstanding indebtedness. Such amounts may be sent to this law firm and we will deliver the same to our client. Pursuant to Section 5.02, the Lender is hereby also requesting true, correct and complete executed copies of any license, lease or other occupancy agreement which provides income to the Borrower from this Property.

The Lender strongly disagrees with Mr. Wilson's statement that "Lender's only legitimate concern is that the collateral is not deteriorating during the short period through the earlier to occur of the sale closing or the year end maturity date." Although the Lender has held the Note and Deed of Trust since April 2025, the Lender also has concerns in the Borrower's ability to repay the Note, the Borrower's inability to maintain the Property, and that the Borrower is intentionally delaying the Lender from exercising its rights. Further, neither we nor the Lender have received any evidence that the Property is under a contract for sale. We reiterate our request for a copy of such contract.

Lastly, our client still has not received the evidence of the required insurance coverages that are enumerated in Article 3 of the Deed of Trust, including our client being named as "loss payee" or "additional insured" as required by such provisions. This evidence is required notwithstanding the

Bell Business Investments LLC
July 14, 2025
Page 3

existence of the above events of default. We have attached the prior letter demanding the same.

Nothing contained in this letter is a waiver of Lender's other rights or remedies under the Note, the Deed of Trust, or any other documents executed in connection with the loan they evidence, or at law or in equity.

If you have any questions or comments regarding this matter, please do not hesitate to contact me.

Very truly yours,

HIRSCH & WESTHEIMER, P.C.

By: _____
Bradley E. Rauch

cc:    *Via Federal Express*
Bell Business Investments LLC
c/o Treff & Lowy PLLC
481 Wythe Avenue, 2nd Floor
Brooklyn, New York 11249
Attn: Abraham Lowy

*Via Federal Express*
Isaac Jacobowitz
c/o Treff & Lowy PLLC
481 Wythe Avenue, 2nd Floor
Brooklyn, New York 11249

*Via Federal Express and Email: rwilson@wcglaw.com*
Bell Business Investments, LLC
c/o Wilson Cribbs + Goren
Attn: Mr. Reid Wilson
1233 West Loop South, Suite 800
Houston, Texas 77027

*Via Email: sclinton@wcglaw.com*
Wilson Cribbs + Goren
Attn: Scot Clinton

*Via Email*
800 Bell Holdings, LLC

*Via Email: nsethi@hirschwest.com*
Neil Sethi
Hirsch & Westheimer P.C.

4925-1017-8387, v. 1



**TXU Energy Retail Company LLC**
**REP Certification No. 10004**
**6555 Sierra Drive  1-W-1**
**Irving, TX  75039**

**TERMINATION NOTICE**

**SENT BY FEDERAL EXPRESS DOMESTIC OVERNIGHT PRIORITY**

September 9, 2025

Shorenstein Properties 800 Bell LLC
235 Montgomery St FL 16
San Francisco, TX 94104
Attn: Marty Spitzer

To Mr. Spitzer,

Re:    Contract for Supply of Electricity, dated February 26, 2024, between Shorenstein Properties 800 Bell LLC
        and TXU Energy Retail Company LLC ("Agreement"), Account 900068824345

The purpose of this letter is to give formal notice that you have committed a material breach of the subject
Agreement since you did not cure the breach within ten (10) calendar days of our notice dated.  Therefore,
pursuant to the terms & conditions of the Agreement, the Agreement shall be deemed terminated by TXU Energy
effective as of today; disconnection of service will be initiated upon such termination.

TXU Energy will liquidate the electricity quantities associated with the Agreement and an invoice for the costs
associated with such termination for breach will be sent to you.

Yours very truly,

TXU Energy Retail Company LLC

Don Webb
Retail Contract Administration

I hope you're having a great day. The current balance on this account is $126,244.46. To provide the invoices, we need a Letter of Authorization (LOA) from an authorized user or the contract signer. This ensures we have proper permission to share the information.

Please reply with the LOA when you have it. Let me know if you have any questions.

Thank you!

Kelly Quinac
Commercial Support
TXU Energy | Vistra Retail Brands
866-898-3465 | Commercialsupport@txu.com