IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| 800 BELL HOLDINGS, LLC | § |
| | § |
| VS. | § C.A. NO. 4:25-cv-04072 |
| | § |
| BELL BUSINESS INVESTMENTS LLC and ISAAC JACOBWITZ | § |

## ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION TO GAIN ACCESS TO PROPERTY

The Plaintiff, 800 BELL HOLDING, LLC ("LENDER"), filed an Emergency Motion to Gain Access to the Property (Dkt 15). After considering the motion and the Owner's Response to New Lender's Emergency Motion to Gain Access to Property filed by Defendants, BELL BUSINESS INVESTMENTS, LLC ("Owner") and ISAAC JACOBWITZ ("Guarantor"), (Dkt. 17), and after a hearing on the motion and response, the court finds that the Emergency Motion is meritorious and is granted.

The Lender has the right to fully inspect, without interference, hindrance, or encumbrance by the Owner and the Guarantor, or their agents or representatives the entirety of the real property generally known as 800 Bell Street, and the garage at 700 Leeland Street/1616 Milam Street, Houston, Texas 77002, as more particularly described on Exhibit "A." The real property a 45-story 1,200,000 square foot building that was formerly the headquarters of Exxon-Mobil ("Property").

The Property must be made available for inspection by Lender, along with its principals, representatives, agents, legal counsel, contractors, and engineers, beginning on Tuesday, November 18, 2025, 10:00 a.m., Central Standard Time, and concluding by no later than Friday, November 21, 2025, at 5:00 p.m. Central Standard Time. During this time frame, Lender will have the right to access the Property for such inspections on a daily basis beginning at 10:00 a.m. and ending at 5:00 p.m., Central Standard Time. The Owner and Guarantor must fully cooperate with the Lender to ensure such access to the entirety of the Property.

During this time frame between November 18-November 21, 2025, among other things, Lender may: (i) ascertain Owner and Guarantor's compliance with the Loan Documents, (ii) examine the condition of the Property, (iii) perfonn an appraisal, (iv) undertake surveying or engineering work, and (v) inspect premises occupied by tenants, if any, all as permitted and as set forth in Section 2.05(b) of the Deed of Trust, Security Agreement and Fixture Filing by Bell Business Investments, LLC as Grantor, to First American Title Insurance Company, as Trustee, for the benefit of Shorenstein, as Beneficiary, filed in the Harris County, Texas Real Property Records on January 3, 2023 under Clerk's Reference No. RP-2023-100 ("Deed of Trust").

After the Lender's inspection of the Property, the Lender will provide to the Owner and Guarantor its findings as to the actions or repairs needed to preserve and protect the Property, and the Owner and Guarantor must each reasonably cooperate with

the Lender to effectuate any such actions. Time is of the essence. Any repairs or other actions by Lender, as the Lender deems appropriate in the good-faith exercise of its discretion, to preserve or protect the Property, will be at the "cost and expense" of Owner, as specifically stated in Section 2.07(b) of the Deed of Trust.

In the event that the Owner or Guarantor fails to reasonably cooperate with Lender to allow the inspections or effectuate such repairs or other required actions, the Lender, Owner, and Guarantor may seek court intervention to resolve any differences relating to the actions needed to preserve or protect the Property or the interest of Lender under the Loan Documents (as this term is defined in the Deed of Trust).

Signed this 13th day of November, 2025.

_____
The Honorable Lee H. Rosenthal,
Senior United States District Judge