IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| 800 BELL HOLDINGS LLC, | § | |
|     Borrower, | § | |
| | § | |
| | § | |
| v. | § | C.A. NO. 4:25-cv-04072 |
| | § | |
| BELL BUSINESS INVESTMENTS, | § | |
| LLC, ISAAC JACOBOWITZ, | § | |
|     New Lender. | § | |

### BELL BUSINESS INVESTMENTS LLC'S (BORROWER'S) VERIFIED EMERGENCY MOTION FOR PAYOFF LETTER & TO ALLOW PAYOFF

TO THE HONORABLE JUDGE OF THIS COURT:

    Bell Business Investments LLC ("Borrower") files this Verified Emergency Motion for a Payoff Letter and to Allow Payoff against 800 Bell Holdings LLC, under Rule 65.

    **Borrower's motion concerns an emergency matter. Lender has refused and ignored Borrower's request for a payoff letter. Borrower is ready, willing and able to payoff the debt in its entirety, before Lender's scheduled foreclosure on December 2, 2025. Lender's refusal to provide a payoff tramples upon Borrower's equity of redemption. For these reasons, Borrower requests a hearing before the Court on Borrower's motion as soon as possible**.

    In support thereof, Borrower would show the Court the following:

### I.   SUMMARY OF THE MOTION

    1.    Bell Business Investments LLC owns the Property, subject to a promissory note and deed of trust. 800 Bell Holdings LLC ("New Lender") is beneficiary under the promissory note and deed of trust.

    2.    The Note specifies that it "may be prepaid in whole or in part at any time without notice or penalty."

3. <u>Borrower is prepared to pay off the indebtedness, in full, on Monday, December 1, 2025. Borrower has made written request from New Lender a payoff letter through this date for this purpose</u>.

4. New Lender has an obligation to provide a current payoff letter. New Lender has failed and refused to issue a payoff letter to Borrower, as of December 1, 2025. Instead, New Lender intends to proceed with foreclosure previously noticed for December 2, 2025.

5. Because of New Lender's actions, Borrower has no choice but to seek necessary, emergency relief.

## EXHIBITS

| **EXHIBIT 1** | **Declaration of Isaac Jacobowitz** |
|---|---|
| **EXHIBIT 2** | **Promissory Note[1]** |
| **EXHIBIT 3** | **November 7, 2025, letter by New Lender** |
| **EXHIBIT 4** | **November 26, 2025, Borrower's requests for payoff letter** |

## ARGUMENT AND AUTHORITIES

6. "Equity courts long ago created the equity of redemption doctrine to provide relief against penalties and forfeitures that confronted mortgagors." *Nicobar, Inc. v. JPMorgan Chase Bank, N.A.*, No. 4:15-CV-1151, 2015 WL 4545639, at *2 (S.D. Tex. July 28, 2015) (citing *Scott v. Dorothy B. Schneider Estate Trust,* 783 S.W.2d 26, 27–28 (Tex. App.—Austin 1990, no writ)). The doctrine allows a mortgagor reasonable time to cure a default and request a reconveyance of the property. *Id.* at 28. To properly assert a claim for the equitable right of redemption, a plaintiff must: (1) prove that it "has a legal or equitable interest in the

---

[1] See Promissory Note at ¶4, originally filed at Doc. 7-2 in Case 4:25-cv-04191, subsequently consolidated with this case.

property subject to the mortgage"; (2) prove that it is "ready, able or willing to redeem the propert[y] in controversy by paying off the amount of valid and subsisting liens to which the propert[y is] subject," including "amounts expended by the mortgagee in association with the default"; and (3) assert its equity of redemption prior to foreclosure. *Nicobar*, WL 4545639, at *2. (internal citations omitted).

7. The entire unpaid principal balance of the Note and all accrued and unpaid interest thereon are due and payable on the Maturity Date. *See* Note at ¶3. All payments to be made by Borrower to Holder shall be paid "to the account of Holder at wire instructions Holder **shall** provide to the Borrower from time to time . . . ." *See* Note at ¶3 (emphasis added). "All payments **shall** be applied first to the payment of amounts that are secured by the Deed of Trust, other than interest and principal, next to the payment of accrued interest then due and thereafter to the reduction of the unpaid principal balance of the loan." *See* Note at ¶3 (emphasis added).

8. The Note "may be prepaid in whole or in part at any time without notice or penalty." *See* Note at ¶4.

9. New Lender has an obligation to provide a current payoff letter.

10. On November 7, 2025, New Lender's counsel sent a letter to Borrower, including New Lender's notice of substitute trustee's sale. New Lender's letter stated, in pertinent part, that "*If you would like to request a payoff amount for the Note, please contact the undersigned.*" *See* Exhibit 3.

11. Upon receipt of the payoff letter stating the total indebtedness associated with the debt, Borrower is ready, willing, and able to pay off the indebtedness, in full, on Monday, December 1, 2025, via refinance with a different lender.

12. On November 26, 2025, at 9:30 a.m., Borrower sent New Lender's counsel a request for a payoff letter as of December 1, 2025.

13. On November 26, 2025, at 4:40 p.m., Borrower sent New Lender's counsel a follow up request. It stated, in pertinent part, that "*Our client is prepared to pay off the indebtedness, in full, on Monday, December 1, 2025. I reiterate that Lender has an obligation to provide a current payoff letter. Should Lender fail to provide a payoff letter by 12pm (CST), November 28, 2025, our client will reasonably conclude that Lender refuses to provide one.*"

14. As of the date and time of this filing, New Lender has not provided a payoff letter in response to Borrower's requests.

15. New Lender previously provided a payoff letter to Borrower, however it included additional, improper terms calling for waiver and release of all claims in dispute. It is improper for New Lender to attempt to use a payoff letter as a backdoor way to force Borrower to waive and release all claims in dispute—a payoff letter should be "clean" of such terms.

16. Borrower is scheduled to refinance the Property on Monday, December 21, 2025, with a new lender and Borrower and Lender required cannot closed on the refinance without a payoff letter from New Lender.

17. Borrower requires a "clean" payoff letter to pay off the indebtedness, in full, on Monday, December 1, 2025.

**PRAYER**

18. Wherefore, Borrower prays that the Court order the following:

    a) New Lender be ordered to issue a payoff letter as of December 1, 2025, to Borrower.

    b) New Lender be ordered to facilitate a payoff between now and Tuesday December 2, 2025, 10 a.m. CDT via payment to the registry of the Court, or to the title company handling the sale (Stewart Title), or to New Lender directly;

c)  New Lender be ordered to issue the payoff letter, and wire instructions, immediately and no later than 3 hours after this Order is entered;

d)  New Lender be ordered to issue a "clean" payoff letter without terms calling for waiver and release of all disputed claims;

e)  Court costs and expenses against New Lender;

f)  Attorney's fees as provided by law; and

g)  All such other and further relief to which Borrower may be justly entitled.

Respectfully submitted,

**WILSON, CRIBBS & GOREN, P.C.**

By: _/s/ Scot Clinton_
Scot Clinton, Attorney-in-Charge
Federal ID No.: 569701
Texas Bar No.: 24045667
Sara Prasatik
Federal ID No.: 3229840
Texas Bar No.: 24088251
1233 West Loop South, Suite 800
Houston, Texas 77027
Tel. (713) 222-9000
Fax. (713) 229-8824
sclinton@wcglaw.com
sprasatik@wcglaw.com

**ATTORNEYS FOR BORROWER
BELL BUSINESS INVESTMENTS LLC**